IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**JEROME ANTHONY MORRIS**,

      Petitioner,

                                                     Case No.: 1:15-cv-04912

v.

**BART MASTERS,**
**Warden, FCI-McDowell,**

      Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). This case is assigned to the Honorable David A. Faber, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED** and that this action be **DISMISSED**, with prejudice, and removed from the docket of the Court.

**I.     Introduction**

On May 18, 2011, Petitioner Jerome Anthony Morris ("Morris") pled guilty in the United States District Court for the Western District of Virginia to one count of conspiracy to distribute more than 500 grams of cocaine powder and measurable quantities of

1

marijuana. (ECF Nos. 18-1, 18-2, 18-3). On August 15, 2011, Morris was sentenced to a term of 188 months in prison. (ECF No. 18-4). The length of Morris's sentence was determined, in part, by his status as a career offender under the United States Sentencing Guidelines ("USSG"); a designation that was based upon Morris's two prior state felony drug trafficking convictions. (ECF No. 18-5). Morris did not appeal the sentence. Instead, he filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, claiming that he was "actually innocent of being a career offender" in light of *United States v. Simmons,* 649 F.3d 237 (4th Cir. 2011). In *Simmons*, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") held that a sentencing court could not consider hypothetical aggravating factors in determining whether a defendant's prior conviction qualified as a predicate offense for sentence enhancements under the Controlled Substances Act. *Id.* at 241-47.

Noting that there was "nothing hypothetical" about the sentences that Morris faced and received for his prior convictions, the court determined that both convictions constituted felony controlled substance offenses under the career offender guidelines. (ECF No. 18-5 at 2). Specifically, Morris had two state convictions for possession with intent to distribute marijuana. He faced 10 years' imprisonment for each conviction and received a four-year sentence on one conviction, with four years suspended for good behavior, and a ten-year sentence on the other, with eight years suspended. (*Id.*) Because both convictions unequivocally qualified as predicate offenses under the career offender guidelines, Morris's § 2255 motion was denied. (*Id.*). Morris appealed the decision to the Fourth Circuit, which finding no error, affirmed the judgment. (ECF No. 18-8).

On December 29, 2014, Morris filed a motion with the Fourth Circuit seeking leave to submit a second or successive § 2255 motion. (ECF No. 18-10). Morris attached his

proposed § 2255 motion, in which he argued that he was no longer a career offender in view of the Supreme Court's decision in *United States v. Descamps,* 133 S.Ct. 2276 (2013). (*Id.* at 8). In *Descamps*, the Supreme Court addressed the proper approach to use when determining whether a prior conviction for a crime of violence constituted a "felony crime of violence" under the Armed Career Criminal Act. *Id.* On January 13, 2015, without substantive explanation, the Fourth Circuit denied Morris's request for leave to file a second or successive § 2255 motion. (ECF No. 18-11).

On April 17, 2015, Morris filed the instant petition for habeas relief under 28 U.S.C. § 2241. (ECF No. 1). Once again, in this action, Morris contends that his prior state drug trafficking convictions should not have been counted as qualifying offenses under the career offender guidelines. Morris resurrects his *Descamps* argument, asserting that the Virginia offense for which he was convicted is not, categorically, a controlled substance offense. He requests that his sentence be vacated and that he be resentenced to a term "uninfluenced by the career offender guideline enhancement." (*Id.* at 8).

## II. **Discussion**

Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not additional, alternative, or supplemental to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner

3

may file a habeas petition under § 2241.). When arguing that § 2255 is inadequate or ineffective, a petitioner must rely on the "savings clause" found at 28 U.S.C. § 2255(e). The "savings clause" occasionally allows a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D. W. Va. 2001). Rather, the "savings clause" is available to a petitioner only when his § 2241 claim contains all three of the following characteristics: (1) at the time of his conviction, the settled law of the circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34; *see also United States v. Surratt*, 797 F.3d 240, 247 (4th Cir. 2015), *rehearing en banc granted* (Dec. 2, 2015) (stating "*Jones* opened a narrow gateway to § 2241 relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief only where the acts for which the defendant was convicted are not a crime."). The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective by satisfying the *Jones* criteria. *See Hood v. United States*, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D. W. Va. Feb. 20, 2014), *aff'd*, 573 F. App'x 268 (4th Cir. 2014).

### A. Morris's Claim is not Cognizable Under § 2241

In the instant action, Morris challenges the validity of his federal sentence. Therefore, his claim must be brought pursuant to 28 U.S.C. § 2255, unless he can show

4

by way of the "savings clause" that § 2255 is inadequate or ineffective. Morris makes no such showing. He does not assert that his crime of conviction is no longer criminal due to a change in substantive law. Indeed, he cannot. Morris was convicted of conspiracy to distribute more than 500 grams of cocaine powder and measurable quantities of marijuana; conspiracy to distribute cocaine and marijuana is still a federal crime. Consequently, Morris is unable to meet all three elements required by *Jones*. Moreover, Morris challenges only his sentence, not the underlying conviction. "Fourth Circuit precedent has ... not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 333-34); *see also Farrow v. Revell*, 541 F. App'x 327, 328 (4th Cir. 2013) (citing *Poole* and holding that challenge to armed career criminal status is not cognizable in a § 2241 petition); *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) (declining to extend savings clause to sentencing challenges); *Hayes*, No. 5:11-cv-00261, 2014 WL 670850, at *8 (finding that "sentencing issues cannot be presented in § 2241 petitions"), *aff'd*, 573 F. App'x 268 (4th Cir. 2014).[1] Thus, Morris's claim is not cognizable under § 2241.

As Morris's claim is not properly brought under § 2241, his petition "must either

---

[1] More recently, in *Surratt*, 797 F.3d at 246, the petitioner filed a § 2241 petition wherein he argued that an intervening change in the law rendered him innocent of a sentencing enhancement under 21 U.S.C. § 841(b)(1)(A). The district court found that the petitioner could not obtain relief under § 2241 because he challenged only his sentence, not the conduct underlying his criminal conviction. *Surratt*, 797 F.3d at 246. In affirming the district court's decision, the Fourth Circuit explained that the petitioner was unable to meet the criteria set forth in *Jones* because he was "not innocent of anything," and he admitted to the conduct underlying the offense for which he was convicted. *Id.* at 248. The Court observed, "*Jones* opened a narrow gateway to § 2241 relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief only where the acts for which the defendant was convicted are not a crime." *Id.* at 247. "To say that a petitioner can be 'actually innocent' of a sentencing enhancement,' rather than an element of the actual crime, 'would require a great deal of both verbal and logical gymnastics.'" *Id.* at 249 (quoting *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1334 n.3 (11th Cir. 2013)). Although *Surratt* is not controlling law, as the case waits for *en banc* review, the decision demonstrates a continuation of the Fourth Circuit's position that a petition under § 2241 is never the proper avenue for challenging only a sentence.

be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Regardless of which option the Court selects, Morris's petition is at an end in this district. If the Court chooses to dismiss Morris's action, then he will be required to pursue his claim in the United States District Court for the Western District of Virginia because, unlike § 2241 petitions, which are brought in the district where the petitioner is incarcerated, *see United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008), § 2255 directs the petitioner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). If the Court chooses to construe the action as a § 2255 motion, then the matter will have to be transferred, as this Court lacks jurisdiction to hear it.

Nevertheless, there seems to be no purpose in construing Morris's petition as a § 2255 motion; particularly, when considering that he already filed a § 2255 motion on the same conviction and sentence, which was denied by the sentencing court. Furthermore, Morris attempted to obtain authorization from the Fourth Circuit to file a second or successive § 2255 motion,[2] as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), on the very grounds that he asserts here, and that motion was also denied. As such, the sentencing court lacks jurisdiction to hear a second or successive § 2255 motion.

---

[2] While § 2255 does not define the term "second or successive," Morris's § 2241 petition, if construed as a § 2255 motion, would be a second or successive § 2255 motion because his previous § 2255 motion challenged the same conviction and sentence, was dismissed on the merits, and the facts relied on by Morris in support of his current claims existed at the time of his first § 2255 motion. *See Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002) ("In order to qualify as a successive petition, the dismissal of the first habeas petition must be on the merits."), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011); *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999) (recognizing that § 2255 does not define what constitutes "second or successive"); *cf. United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014) (holding that "a numerically second § 2255 motion should not be considered second or successive" where facts relied on by movant in support of motion did not exist at time first § 2255 motion was filed); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (distinguishing Fed. R. Civ. P. 60(b) motions and successive § 2255 motions, and stating that "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application.").

Accordingly, there is no benefit to be gained from a transfer to the sentencing court. *Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D. W. Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D. W. Va. Oct. 17, 2013); *Currence v. Cauley*, 1:11-0088, 2013 WL 5658345, at *3 (S.D. W. Va. Oct. 15, 2013); *Ellis v. Berkebile*, No. 5:10-cv-00191, 2011 WL 2680724, at *4 (S.D. W. Va. July 8, 2011); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

Finally, the Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Fourth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action … to any other such court in which the action … could have been brought at the time it was filed … and the action … shall proceed as if it had been filed in … the court to which it is transferred on the date upon which it was actually filed in … the court from which it is transferred.

The Fourth Circuit has declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). On the contrary, district courts retain discretion to determine whether the transfer of an unauthorized successive petition is "in the interest of justice." *Id.* Therefore, in the Fourth Circuit, a district court may dismiss, rather than transfer, a petition that is frivolous or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v.*

7

*United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous)). The Fourth Circuit already concluded that Morris's petition for pre-filing authorization did not merit approval; presumably, because his proposed § 2255 motion failed to state a potentially meritorious claim. Given the Fourth Circuit's prior rejection of Morris's proposed second or successive § 2255 motion, recharacterizing and transferring his § 2241 petition would be futile. Simply stated, transfer would not be "in the interest of justice."

### B.  *Descamps* Provides No Basis for Relief

Even if Morris could navigate around the aforementioned obstacles, his petition would still require dismissal, because *Descamps* provides no basis for relief. According to some courts, the decision in *Descamps* simply does not apply to Morris's case. *See, e.g., United States v. Jones,* No. 6:04cr70047-1, 2015 WL 1729785, at *2 (W.D. Va. Apr. 15, 2015). *Descamps* provides guidance on how to determine whether a prior conviction counts as a "violent felony" under the Armed Career Criminal Act. In contrast, the issue here is whether a prior controlled substance conviction constituted a felony controlled substance offense under the USSG's career offender guidelines.

However, assuming the analysis in *Descamps* can be applied to the facts of this case, the result still does not change, because *Descamps* does not create a new rule of constitutional law made retroactive to cases on collateral review. *See Kane v. United States*, No. 1:16-CV-00146-MR, 2016 WL 7404720, at *4 (W.D.N.C. Dec. 21, 2016) (holding that "[b]ecause *Descamps* is not 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,' a Descamps claim will not support a successive motion to vacate."); *Payton v. United States*, No. CR 06-0341, 2016 WL 6996743, at *2 (D. Md. Nov. 30, 2016) ("The

8

basis of Payton's petition is the Supreme Court's 2013 decision in *Descamps*, which the Supreme Court has not made retroactive."); *Gibert v. United States*, No. 8:09-CR-438, 2015 WL 11111314, at *3 (D.S.C. Mar. 10, 2015), *dismissed,* 622 F. App'x 268 (4th Cir. 2015) ("[The court finds that the Supreme Court did not create [in *Descamps*] a new rule that is retroactive to cases on collateral review; *Briscoe v. United States*, No. 3:07-CR-65, 2015 WL 2451420, at *2 (N.D.W. Va. May 21, 2015), *appeal dismissed,* 624 F. App'x 123 (4th Cir. 2015) (collecting cases). In summary, as Morris's petition fails to articulate a potentially viable claim under both § 2241 and § 2255, the petition should be dismissed.

### III. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) be **DENIED,** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** February 16, 2017

_____
Cheryl A. Eifert
United States Magistrate Judge