```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

JEROME ANTHONY MORRIS,

    Petitioner,

v.                                         CIVIL ACTION NO. 1:15-04912

BART MASTERS,
Warden, FCI-McDowell

    Respondent.

## MEMORANDUM OPINION AND ORDER

    By Standing Order, this matter was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  See Doc. No. 3.

    Magistrate Judge Eifert submitted to the court her PF&R on February 16, 2017, in which she recommended that the Court deny Petitioner's Petition for a Writ of Habeas Corpus by a Person in State or Federal Custody under 28 U.S.C. § 2241 (Doc. No. 1); and remove this matter from the docket of the court.

    In accordance with 28 U.S.C. § 636(b), the parties were allotted seventeen days in which to file any objections to the Magistrate Judge's PF&R.  The failure of any party to file such objections within the time allotted constitutes a waiver of such party's right to a de novo review by this court.  See Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).  Petitioner sought, see

Doc. No. 28, and this court granted, see Doc. No. 29, an extension of time for Petitioner to file his Objections to the PF&R.  Petitioner subsequently filed the Objections to the Magistrate Judge's PF&R.  See Doc. No. 30.

Petitioner argues in his Objections to the PF&R that "[b]ecause [Descamps v. United States, 133 S. Ct. 2276 (2013)] reiterated an ol[d] rule," Descamps "appl[ies] to cases on collateral review," and indeed "to all cases where it is pertinent, whether on direct or on collateral review."  Doc. No. 30.  The United States Supreme Court in Descamps set out the process of determining whether a prior conviction counts as a "violent felony" under the Armed Career Criminal Act ("ACCA"). However, the question at issue in Petitioner's case is whether a prior controlled substance conviction constituted a felony controlled substance offense under the United States Sentencing Guidelines' career offender guidelines.  But even if the Descamps analysis were pertinent here, the outcome will remain unaltered since, as the Magistrate Judge properly deduced, "Descamps does not create a new rule of constitutional law made retroactive to cases on collateral review."  Doc. No. 27 (citing Kane v. United States, 2016 WL 7404720, at *4 (W.D.N.C. Dec. 21, 2016) (holding that "[b]ecause Descamps is not 'a new rule of constitutional law, made retroactive to cases on collateral

2

review by the Supreme Court, that was previously unavailable,' a Descamps claim will not support a successive motion to vacate."); Payton v. United States, 2016 WL 6996743, at *2 (D. Md. Nov. 30, 2016) ("The basis of Payton's petition is the Supreme Court's 2013 decision in Descamps, which the Supreme Court has not made retroactive."); Gibert v. United States, 2015 WL 11111314, at *3 (D.S.C. Mar. 10, 2015), dismissed, 622 F. App'x 268 (4th Cir. 2015) ("[The court finds that the Supreme Court did not create [in Descamps] a new rule that is retroactive to cases on collateral review; Briscoe v. United States, 2015 WL 2451420, at *2 (N.D.W. Va. May 21, 2015), appeal dismissed, 624 F. App'x 123 (4th Cir. 2015) (collecting cases)). Therefore, as Petitioner does not state a potentially viable claim, the Magistrate Judge properly recommended that this petition be dismissed.

Accordingly, the court adopts Magistrate Judge Eifert's PF&R as follows:

1) Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 by a Person in State or Federal Custody (Doc. No. 1) is **DENIED**; and

2) The Clerk is directed to remove this matter from the docket of the court.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336—38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683—84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to Petitioner.

It is **SO ORDERED** this 30th day of March, 2017.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge

4